# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, Plaintiff, | § § § § | |
| v. | § § | Civil Action No. 3:07-CV-1726-D |
| ANDREA M. MITCHELL-DAVIS, Defendant, | § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for screening pursuant to Special Order 3-251. On October 11, 2007, Defendant Andrea M. Mitchell-Davis ("Mitchell-Davis") removed this case from the 354th Judicial District Court, Hunt County, Texas. Plaintiff Texas Department of Protective and Regulatory Services ("TDPRS") filed an Emergency Motion to Remand on October 30, 2007. Mitchell-Davis then filed a "Second Amended Notice of Removal." (Doc. # 16.) Pursuant to this Court's Order of November 6, 2007, Mitchell-Davis filed an expedited response to TDPRS's Emergency Motion to Remand on November 13, 2007. Plaintiff filed a Reply on November 16, 2007. The motion to remand is now ripe for consideration.

## Findings and Conclusions

TDPRS's "Original Petition for Protection of a Child for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship" was filed in Hunt County pursuant to the Texas Family Code.[1] Respondents/Defendants Mitchell-Davis and Raymond S. Mitchell ("Mitchell") are the mother and father of the children who are the subject of the suit. After a full

---

[1] The case was styled and numbered: *In the Interest of Margaret Mae Mitchell, Megan Alexis Mitchell, Levi Matthias Mitchell*, cause No. 72,162.

adversary hearing under Texas Family Code § 262.201 or § 262.205, the state court issued temporary orders under Texas Family Code § 105.001. In her notice of removal, Plaintiff attempts to assert federal jurisdiction as follows:

> [Mitchell-Davis] hereby makes a counter-claim of a Bivens Action against TDPRS seeking damages above the federal jurisdictional limits. [She], hereby, as a Third Party Plaintiff brings Boles Childrens Home ("Boles"), a federally funded child care facility into this action as a Third Party Defendant. [She] is also seeking monetary damages against Boles well above $75,000.00 for their malicious and bad faith actions that have violated [her] constitutional rights and have not been in the best interests of the children.

Notice of Removal at 5.

In the Second Amended Notice of Removal, Mitchell-Davis claims jurisdiction under the Constitution and the "Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 2000bb-1 et seq." Mitchell-Davis attempts to defend a state court suit to terminate her parental rights by removing the suit to this Court and claiming racial discrimination (Jewish) and religious persecution (Jewish). She claims she cannot receive a fair trial on the allegations of child abuse and endangerment in the state court in Greenville Texas.

## **Analysis**

Mitchell-Davis claims that removal is proper pursuant to 28 U.S.C §§ 1441, 1443, and 1446. The terms of § 1446 provide the procedure for removal. TDPRS does not claim procedural defects in removal. Accordingly, the Court need not address whether the removal was procedurally correct.

The terms of 28 U.S.C. § 1443 provide, in pertinent part, for removal of civil actions against any person who, in the state courts, is denied or cannot enforce a right under any law providing for the equal civil rights of citizens of the United States. A proceeding cannot be removed under this provision merely because a defendant contends that a denial of rights may take place and go

2

uncorrected at trial. *State of Ga. v. Rachel*, 384 U.S. 780, 800 (1966). Absent a presently effective state law that authorizes the predicted denial of rights, the state court is the proper forum for the resolution of the claims that rights of equality would be denied. *Id*. at 801. Thus, the terms of 28 U.S.C. § 1443 do not permit Mitchell-Davis to remove this case based upon claims that the child abuse and neglect allegations are based upon her race and religion and that the state court will not be a fair forum because the City of Greenville is known for racial discrimination. Mitchell-Davis is not claiming that a state law authorizes the denials of equality that she claims and predicts. Removal is not proper pursuant to 28 U.S.C. § 1443.

The terms of 28 U.S.C. § 1441 provide for removal of actions of which the district courts of the United States have original jurisdiction. A defendant's assertion of federal question removal jurisdiction rises or falls on the allegations in the well-pleaded complaint; in other words, federal jurisdiction depends upon whether the face of the complaint reveals some substantial, disputed question of federal law. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998). With respect to 28 U.S.C. § 1441, both removal and original jurisdiction in the federal court must be judged by the petition at the time of removal. *Metro Ford Truck Sales, Inc. v. Ford Motor Co*., 145 F.3d 320, 326-27 (5th Cir. 1998). TDPRS correctly contends that this is a "Suit Affecting the Parent-Child Relationship" brought under the Texas Family Code with no federal question alleged in the complaint. The state court has entered temporary orders under the Texas Family Code concerning the temporary conservatorship of the children.

In her response, Mitchell-Davis makes a conclusory allegation that "this case is rooted in a federal question that was growing weeks before the State's involvement and is found repeatedly in
3

the State's complaint."[2] Her conclusory allegations fail to show that TDPRS's well-pleaded complaint raised federal issues. Moreover, the assertion of defenses or counterclaims does not give rise to federal jurisdiction. *Rivet*, 522 U.S. at 470; *Metro Ford Truck Sales*, 145 F.3d at 326-27. Neither does a third party claim. *Id*. at 327. Mitchell-Davis's *Bivens*-Action[3] counter-claim against the TDPRS and third party claim against Boles are obvious but unsuccessful attempts to create federal jurisdiction. Similarly, her bare assertion of Constitutional and Civil Rights claims does not give rise to federal jurisdiction. At the time of removal, TDPRS's well-pleaded complaint consisted of purely state law claims concerning the State's protection of children.

The Court may remand a case on the basis of any defect identified in a motion for remand filed within thirty days after the notice of removal under 28 U.S.C. § 1446(a). The party seeking removal must establish a basis for federal jurisdiction. *B., Inc. v. Miller Brewing Co*., 663 F.2d 545, 549 (5th Cir. 1981). Mitchell-Davis failed to show a basis for federal jurisdiction. Accordingly, the District Court should remand this case to the court from which Mitchell-Davis removed it. *See* 28 U.S.C. § 1447(c).

TDPRS requests this Court to award costs and attorney fees associated with the removal

---

[2] Abstention from the exercise of diversity jurisdiction in cases involving intrafamily relations is a long standing policy in the federal courts. *Congleton v. Holy Cross child Placement Agency, Inc*., 919 F.2d 1077, 1078 (5th Cir. 1990). However, diversity jurisdiction does not exist in this case because all of the parties are citizens of Texas. 28 U.S.C. § 1332(a); *see Darden v. Ford Consumer Fin. Co*., 200 F.3d 753, 755 (11th Cir. 2000). Mitchell-Davis is claiming federal question jurisdiction, not diversity jurisdiction. Therefore, the Court need not consider TDPRS's argument that the domestic relations exception applies. *See United States v. Bailey*, 115 F.3d 1222, 1231 (5th Cir. 1997).

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

proceedings. However, TDPRS has not asserted that Mitchell-Davis lacked an objectively reasonable basis for seeking removal. 28 U.S.C. § 1447(c); *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Each party should bear its own attorney fees and costs.

### Recommendation

TDPRS's emergency motion to remand this case to state court should be **GRANTED**. Each party should bear its own attorney fees and costs. The District Court should remand this case to the 354th Judicial District Court, Hunt County, Texas.

**SO RECOMMENDED,** November 19, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).