IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:07-CV-1726-D |
| VS. | § § | |
| ANDREA M. MITCHELL-DAVIS, et al., | § § | |
| Defendants. | § | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, the November 19, 2007 findings, conclusions, and recommendation of the magistrate judge, and the December 7, 2007 objections of defendant Andrea M. Mitchell-Davis ("Mitchell-Davis"), the court concludes that the findings and conclusions are correct in the result they reach. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted to the extent set forth in this order, and this removed action is remanded to Texas state court.

Mitchell-Davis contends that removal is proper under 28 U.S.C. § 1443, which provides, in pertinent part:

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443(1).

In *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85 (5th Cir. 1982), the Fifth Circuit articulated a two-prong test to determine whether removal is proper under § 1443.

> To gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.

*Id.* at 86 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).[1] The court holds that Mitchell-Davis has failed to satisfy the first prong of this test, that removal is not proper under § 1443, and that the court lacks subject matter jurisdiction under 28 U.S.C. § 1447(c).

Although not made explicit in the terms of § 1443(1), the Supreme Court clearly requires that a removal petitioner assert an allegation of a federal law violation *pertaining to racial equality*. *Georgia v. Rachel*, 384 U.S. 780, 791 (1966) ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality."). In *Johnson v. Mississippi,* 421 U.S. 213 (1975), the Court reaffirmed this limitation, stating that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes *not protecting against racial discrimination, will not suffice*." *Id.* at 219 (emphasis added). Accordingly, the first prong of the controlling test requires that the denied right arise under a federal law "providing for specific

---

[1]Mitchell-Davis correctly points out that removal under § 1443 does not require a presently effective state law that authorizes the denial of rights. In *Georgia v. Rachel*, 384 U.S. 780, 804 (1966), the Court explained that "removal might be justified, even in the absence of a discriminatory state enactment, if an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in state court." In view of Mitchell-Davis' inability to satisfy the first prong, however, the court need not address whether the second prong would be satisfied under the analysis of *Georgia v. Rachel*.

rights stated *in terms of racial* equality." *Gulf Water Benefaction Co.*, 679 F.2d at 86 (emphasis added).

Mitchell-Davis contends that the action of Texas Department of Protective and Regulatory Services ("TDPRS") "is being brought and tried solely as a result of Mitchell's attempts to freely exercise *her religion*." D. 2d Am. Notice of Removal 5 (emphasis added). In her objections to the magistrate judge's findings, conclusions, and recommendation, she clearly identifies the conduct for which the TDPRS's action was brought as her attempt to assert her right of religious instruction over her children. To the extent that her notice of removal rests on these and other similar allegations of religious discrimination, it fails to meet the first prong of the *Gulf Water Benefaction* test.

Although elsewhere Mitchell-Davis appears to assert a racial form of discrimination, D. Objs. 5 ("Defendant as yet has had no opportunity to establish that the state brought prosecution against her solely for racial reasons."), her factual allegations do not support this contention. Mitchell-Davis repeatedly refers to the disputes over the religious instruction of her children described in the complaint affidavits as the crux of the TDPRS's action. These factual allegations at most support a claim of religious discrimination, not of racial discrimination. In sum, Mitchell-Davis cannot remove this case under § 1443 because she has not shown that the right allegedly denied her arises "under a federal law providing for specific rights stated in terms of racial equality," as required by *Gulf Water Benefaction.*

Moreover, the allegations on which Mitchell-Davis relies to contend that she will be unable to receive a fair trial in state court are insufficient to warrant removal under § 1443. As the Supreme Court concluded in *Johnson*, "it [is] not enough to support removal to allege that 'federal equal civil rights have been illegally and corruptly denied by state administrate officials in advance of trial, that

the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.'" *Johnson*, 421 U.S. at 222 (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966)). Again citing *Peacock*, the Court noted that "there are varied avenues of relief open to these defendants for vindication of any of their federal rights that may have been or will be violated." *Id.* at 228 (citing *Peacock*, 384 U.S. 828-830).

Concerning removal under § 1441, the court adopts the magistrate judge's findings, conclusions, and recommendation, and only clarifies the meaning of the well-pleaded complaint rule in response to Mitchell-Davis' contention that the religious disputes underlying the TDPRS action create the necessary federal question to authorize removal.

Absent complete preemption, which does not apply here, there is no federal question jurisdiction if, on its face, the plaintiff's state-court complaint contains no issue of federal law. *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir.1989). A federal claim does not exist simply because facts are available in the complaint to suggest such a claim. *See Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 292 (E.D. Tex. 1988); *Chavez v. McDonald's Corp.*, 1999 WL 814527, at *2 (N.D. Tex. Oct. 8, 1999) (Fitzwater, J.) (holding that plaintiff had not alleged federal-law claim even though he referred at one point to exhausting his administrative remedies under federal law, where he otherwise clearly alleged that his claims were based on Texas statutory or common law). Nor is the existence of a federal defense enough to establish federal question jurisdiction. *See, e.g., Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) ("Yet the mere fact that a given federal law might 'apply' or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction."). Under this

standard, the factual allegations pertaining to the religious disputes in this case are clearly insufficient to create federal jurisdiction.

* * *

Accordingly, the court grants TDPRS's October 30, 2007 emergency motion to remand because the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).[2] This action is remanded to the 354th Judicial District Court of Hunt County, Texas. The clerk shall effect the remand in accordance with the usual procedure. All of Mitchell-Davis' motions and requests are denied.

**SO ORDERED**.

December 11, 2007.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[2]In its motion, TDPRS makes a conclusory request for an award of court costs, expenses, and attorney's fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). Because TDPRS has made no attempt to show that removal was objectively unreasonable, and absent such a showing, the court denies the request.